IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE ALFREDO ALVAREZ, et al.    *

    Appellants    *

    vs.    *    CIVIL ACTION NO. MJG-11-2886

HSBC BANK USA,    *
NATIONAL ASSOCIATION
        *
    Appellee
\*    \*    \*    \*    \*    \*    \*    \*    \*

## DECISION ON APPEAL

The Court has before it Appellants' appeal from the July 20, 2011 Order issued by Bankruptcy Judge Lipp (misidentified as Catliota by Appellants). The Court has considered the entire file in this matter and finds a hearing unnecessary.

### I. BACKGROUND

Appellant Jose Alvarez ("Husband") filed a voluntary Chapter 13 petition and identified his personal residence ("the Property") as owned by tenants by the entireties with his wife, Appellant Meyber L. Alvarez ("Wife"). The Property was valued at $440,000.00. The first lienholder, Chase Home Finance, filed a proof of claim seeking payment of $447,572.84. The second lienholder (with a stated debt of $75,455.08), HSBC Mortgage Service ("HSBC"), did not file a proof of claim.

Appellants jointly filed an adversary proceeding to avoid the second lien. HSBC did not respond to the adversary proceeding and Appellants sought a default judgment. A default was entered by the Bankruptcy Clerk. However, the Bankruptcy Judge denied the default judgment, stating that "the subject property is owned as tenants by the entirety and the Debtor's spouse is not a co-debtor in the Debtor's bankruptcy case. This is precisely the situation addressed in the case of Hunter v. Citifinancial, Inc.(In re Hunter), 284 B.R. 806 (Bankr. E.D. Va. 2002), which this Court finds persuasive."

Appellants unsuccessfully sought reconsideration and have brought the instant appeal.

II. STANDARD OF REVIEW

When a District Court reviews a Bankruptcy Court final Order, the District Court acts as an appellate court. Matters within the Bankruptcy Court's discretion are reviewed under an abuse of discretion standard. In re Arnold, 806 F.2d 937, 938 (9th Cir. 1986). That is, the Bankruptcy Court's decisions within its discretion will be reversed only if they were "based on an erroneous conclusion of law or when the record contains no evidence on which the [Bankruptcy Court] rationally could have based [the decisions]." In re Windmill Farms, Inc., 841 F.2d 1467, 1472 (9th Cir. 1988) (citing In re Hill, 775 F.2d 1037, 1040 (9th Cir. 1985)). Accordingly, legal conclusions are reviewed de novo, whereas

findings of fact may be set aside only if clearly erroneous. See In re Bulldog Trucking, Inc., 147 F.3d 347 (4th Cir. 1998).

III. DISCUSSION

The issue presented has not been addressed by the United States Court of Appeals for the Fourth Circuit and is worthy of debate. See Strausbough v. Co-op Services Credit Union (In re Strausbough), 426 B.R. 243 (Bankr. E.D. Mich. 2010). However, the Court agrees with the view expressed in Hunter and applied by the Bankruptcy Court.

A bankruptcy debtor can, pursuant to the rationale of Johnson v. Asset Mgmt. Group, 226 B.R. 364 (D. Md. 1998), lien strip a second lien that is wholly unsecured because the property is valued less than the debt on a first lien. In regard to solely-owned property, the second lien debt would be stripped, and – after satisfaction of the first lienholder – the debtor would own a property free of debt. The second lienholder would not have the benefit of any equity in the property so that, for example, if the property were thereafter sold for an amount in excess of the first lien debt, the debtor would have - and the second lienholder would not have – the excess proceeds. This appears consistent with the concept that the second lienholder had no value in the debtor's property rights as of the bankruptcy filing and also that the debtor had to proceed through the bankruptcy process with its attendant disclosure and other obligations.

In contrast, as to property owned by tenants by the entireties, the debtor and the nondebtor spouse each have a bundle of rights. Each has, for example, a survivorship interest and ownership rights in the event the tenancy is severed. If Appellants are correct, in a tenants by the entireties context, not only would the debtor Husband end up with an ownership interest in a property no longer subject to the second lienholder's security interest, but the nondebtor spouse would also.

Unless and until there is binding precedent to the contrary, the Court will agree with the Bankruptcy Court and reach the same result as the Hunter court.

IV. CONCLUSION

For the foregoing reasons, the July 20, 2011 Order of the Bankruptcy Court shall be affirmed.

SO DECIDED, on Wednesday, December 28, 2011.

/s/
Marvin J. Garbis
United States District Judge